SMITH vs. THE STATE OF GEORGIA.

| 64 | 605 |
|----|-----|
| 106 | 373 |
| 64 | 605 |
| 120 | 504 |

1. Arson can seldom be established by positive testimony. The character of the offense makes it necessarily dependent for conviction upon confessions and corroborating circumstances. The force to be given to the corroboration must be left to an upright and intelligent jury.
2. The law of the case was fairly submitted to the jury by the charge.
3. Whether the out-house burnt be in a city, town or village, or not, does not affect the legal character of the offense. It affects the punishment only. Hence the court properly refused to exclude the testimony because the indictment failed to allege that the out-house was not in a city, town or village.

Criminal law. Arson. Confessions. New trial. Before Judge SPEER. Monroe Superior Court. September Term, 1879.

Reported in the opinion.

C. A. TURNER; J. A. HUNT, by ROBERT BERNER, for plaintiff in error.

F. D. DISMUKE, solicitor-general, by JAMES S. BOYNTON for the state.

CRAWFORD, Justice.

Wiley Smith was indicted for the offense of arson and found guilty; he moved for a new trial, which the court refused, and he excepted.

The grounds on which the defendant rested his motion for a new trial were:

(1). Because the verdict was contrary to law, contrary to evidence, and without evidence to support it.

(2). Because the charge of the court was based upon a hypothesis founded on the circumstances narrated in the evidence on the side of guilt, and not in also giving in charge that the circumstances, if consistent with his innocence, should be construed in his favor.

(3). Because the court allowed the state's witnesses to testify that the burning occurred in the country, and in not ruling out the same after it was shown that the house burned was not in a city, town or village.

1. The verdict of the jury was evidently based on the confessions made by the prisoner, and because it was also clearly made to appear that the corn-crib of John Dye, the prosecutor, was in ashes, and that it was laid in ashes just about the time the prisoner says he passed through the lot, and at which time he was known to have been there.

He *said* he burnt it—*said it* repeatedly, and to different people; and said it, as appears from this record, freely and voluntarily, and said he confessed it because he was sorry for it.

His confession was made seventeen days after the burning, and when there seems to have been no excitement about it, and no reason for it, except the burden of guilt resting upon his conscience.

A confession alone, however, being insufficient to convict, makes other evidence in corroboration necessary. No definite rule has been laid down as to how far, or in what particulars, the confession must be corroborated. "Each case," says this court in 45 *Ga.*, 44, "must stand on its own footing, the jury being the judges. And if they convict on a confession which is corroborated by one circumstance, the rule is complied with; the strength of that circumstance is to be judged of by the jury, according to the case."

In the case before us, the defendant came *through the lot*, which was about seventy five yards from the dwelling; passed within thirty steps of the crib; came to the door of the dwelling and knocked upon it heavily and rapidly, calling louder than he ever had, and as fast as he could as though he wanted it opened quickly, which was done; and the person opening the door walked into the passage; saw the light of the fire shining on the front gate and gave the alarm; whilst the defendant, who had pushed open the door, went to the hearth and squatted down, denied seeing the crib

on fire, did not return to the door of the house to see the fire, nor go to it until called several times. The fire was burning out at the top when the person at the house gave the alarm, and it was about daybreak in the morning. The crib was only ten or fifteen steps from where defendant had to get the wood with which to build the fire in the house, and though it was his business to build the fire, and he came for that purpose, he did not bring the wood.

If it required positive testimony to convict in cases of arson, it would be next to impossible ever to procure a conviction, for it is a crime committed under cover of darkness, and when there is no human eye to see; therefore, circumstances and confessions are the only evidence usually obtained ; and, whilst they should be received with great caution, yet, if they are such as to convince the mind and satisfy the judgment of the upright and intelligent juror, this is all that the law requires. In this case they have so said, and we cannot say that it was contrary to the evidence.

2. The second ground of error arises under the charge of the court, and upon an examination of the whole charge, we think that the judge submitted the law of the case under the evidence fairly to the jury.

3. The indictment charged the defendant with having maliciously and wilfully burned the corn-house of the prosecutor, the same being an out-house. The defendant's counsel moved to rule out all the testimony given in under the indictment, because it was not alleged that the house burned was not in a town, city or village. The distinction between the burning of an out-house of another on a farm, or plantation, or elsewhere, not in a city, town or village, is confined by the Code to the punishment, and not to the legal offense. There was no error, therefore, in refusing to rule out the testimony on that ground.

Judgment affirmed.