SCHAEFER v. THE STATE.

| 93 | 177 |
|----|-----|
| 105 | 189 |
| 93 | 177 |
| f130 | 290 |

1. Clear and undoubted evidence of the *corpus delicti* will serve to corroborate a confession made by the accused, and his confession thus supported will serve as sufficient corroboration of the evidence of an accomplice.
2. The evidence warranted the verdict, and the newly discovered evidence would not be likely to change the result. There was no error in denying a new trial. *Judgment affirmed.*

October 9, 1893.

v 93-12

Indictment for murder. Before Judge Bartlett. Henry superior court. April term, 1893.

Schaefer and Bivins were indicted for the murder of Sloan. Schaefer was convicted, with a recommendation to life imprisonment. A new trial was refused, and he excepted. The evidence was voluminous and conflicting. Bivins gave testimony to the effect that he and Schaefer made a plot and went at night, together with one Harrison, to Sloan's residence for the purpose of burglary; that on arriving at the premises Bivins refused to go in and Schaefer went alone; that Bivins saw Schaefer endeavoring to enter through a window, and walked away from the house a little distance, where he waited until in a few moments he heard the firing of a pistol and ran off. It appeared that Bivins had on previous occasions sworn falsely about the matter, if his testimony at this trial was true. Other evidence showed that the house was actually entered through the window, and that Sloan was shot while asleep, by the burglar who made his escape unseen. There was some testimony, of a contradictory nature, tending to show admissions by Schaefer that he had done the killing, and numerous circumstances appeared to support this theory. The only ground for new trial, besides the general grounds, was based on newly discovered evidence, in brief, as follows: Bivins was tried and convicted, and while a motion for a new trial in his behalf was pending, he told his counsel, in a consultation relating to a prosecution of this motion, that he knew Schaefer had nothing to do with the shooting, but that he saw Tomlinson do the shooting. After this consultation his counsel dismissed the motion. On the night before the killing Tomlinson was seen in the town where Sloan resided, and seemed to be rather shy. In the month before the murder he was heard to say that Sloan (calling him a vile name) was the cause of his serving out two terms in the chain-gang, and that

he intended to kill Sloan. In support of this ground appeared also affidavits to the effect that certain tracks appearing to have been found leading from Sloan's premises in the direction in which Schaefer probably went, might as well have been made by Tomlinson in going towards the house of some of his relatives.

G. W. BRYAN and W. T. DICKEN, for plaintiff in error.

J. M. TERRELL, attorney-general, and M. W. BECK, solicitor-general, *contra.*