## WIMBERLY *v.* THE STATE.

1. A conviction may be lawfully had upon a free and voluntary confession though the same be not otherwise corroborated than by proof of the corpus delicti.
2. In charging the jury that such is the law, the judge should not use language from which they may infer that such a confession thus corroborated will require a conviction, but he should leave them free to pass upon the question whether or not corroborative evidence, together with that relating to the confession, is sufficient to satisfy them beyond a reasonable doubt of the guilt of the accused.
3. The charge complained of in the present case, taken in connection with the other instructions given upon this subject, does not afford cause for a new trial.

Argued July 5, — Decided July 25, 1898.

Indictment for arson.    Before Judge Smith.    Twiggs superior court.    April term, 1898.

*John R. Cooper,* for plaintiff in error.
*Tom Eason, solicitor-general,* contra.

LITTLE, J.    Owen Wimberly, with others, was jointly indicted for the offense of arson, and, upon a separate trial, he was

found guilty. His motion for a new trial was overruled, and he excepted. The charge was that he maliciously burned a gin-house. The only ground of the motion which requires discussion at our hands is one alleging that the court erred in charging the jury as follows: "If you believe from the evidence in this case that the house charged in the indictment was a gin-house, if you should find that the house was burned maliciously —burned in the manner as charged in the indictment, and defendant has confessed that he done it that way, then that is sufficient corroboration." In connection with this charge the jury were also instructed in the following language: "I charge you if you find there is any confession, and that it has been corroborated by other facts and circumstances satisfactory to your mind beyond a reasonable doubt, it is your duty to convict the defendant."

It is not now an open question in this State that a conviction may be sustained upon a free and voluntary confession of guilt which has been corroborated by clear and positive proof of the corpus delicti, though there be no other corroboration. It has been too often ruled to be now gainsaid, that such proof of the corpus delicti may be considered as a circumstance sufficiently corroborating a confession. This principle has been ruled in *Holsenbake* v. *State,* 45 *Ga.* 43; *Daniel* v. *State,* 63 *Ga.* 339; *Paul* v. *State,* 65 *Ga.* 152; *Williams* v. *State,* 69 *Ga.* 14; *Schaefer* v. *State,* 93 *Ga.* 177. The charge complained of, therefore, stated a proposition of law which this court has many times sustained as correct. Following the decisions rendered in the cases above cited, and others to the same effect, the doctrine that proof of the corpus delicti may, in a legal sense, be sufficient corroboration of a confession to authorize a conviction is established. Properly understood, the charge first referred to amounts to no more than an abstract statement of this doctrine. But it was urgently insisted in the argument here, that it in effect instructed the jury that proof of the corpus delicti was sufficient corroboration of the confession to require a conviction. Even if this charge, taken alone and without explanation, was susceptible of this construction, the same, when considered in connection with the other portions of the charge above quoted, could

not, we think, have been so understood by the jury. They must have apprehended the real meaning of the judge, which evidently was, not that a conviction was demanded by proof of a confession and the corpus delicti, but that in order to warrant a conviction the confession must be corroborated in such manner as to satisfy the jury beyond a reasonable doubt of the guilt of the accused. This is the true rule on this subject. It was plainly recognized in the *Holsenbake* case, supra; for Judge McCay said, "Each case must stand upon its own footing, the jury being the judges. And if they convict on a confession which is corroborated by only one circumstance, the rule is complied with; the strength of that circumstance is to be judged of by the jury, according to the case." This clearly means that the jury in each case and upon its own facts and circumstances must pass upon the nature, strength, and sufficiency of the evidence offered to corroborate the confession, and determine for themselves whether or not it will warrant a conviction. The judge can not do so for them, and ought not to attempt it. All the later cases, as we understand them, are in accord with what we have just said. Judges charging on this subject should make it clear and distinct that the juries are in every instance to judge of the sufficiency of the corroborating evidence. This should be so carefully and accurately done as to leave in their minds no room for doubt as to this important matter. While we think that the charge complained of in this case, when considered in connection with the other instruction, does not afford cause for a new trial, we take this occasion to urge upon our brethren of the trial courts the necessity of charging on this subject, in such clear and explicit language that juries can not fail to understand, that a conviction upon a confession will not be warranted unless the corroboration, whatever it may be, is in their judgment sufficient to convince them beyond a reasonable doubt of the guilt of the accused.

*Judgment affirmed. All the Justices concurring.*