## SWEAT *v.* THE STATE.

1. The dying declarations of a person mortally stabbed by the accused, that "He had to do it. . . I made him do it. . . I made Harry [the accused] cut me. . . Angus Smith is the cause of it all," were mere statements of opinion, and not admissible in favor of the accused upon his trial for murder.
2. The evidence was amply sufficient to warrant the verdict rendered, and the refusal of a new trial was not erroneous.

Argued May 15,—Decided May 30, 1899.

Indictment for murder. Before Judge Falligant. Chatham superior court. December term, 1898.

*W. M. Heyward, A. H. MacDonell* and *Walter C. Hartridge,* for plaintiff in error. *J. M. Terrell, attorney-general, W. W. Osborne, solicitor-general,* and *David C. Barrow,* contra.

FISH, J. Harry Sweat was convicted of the murder of Pat O'Neil, and upon his motion for a new trial being overruled, he excepted.

1. The only assignment of error insisted upon in the argument was the exclusion of the dying declarations of O'Neil,

that "He [the accused] had to do it. . . I made him do it. . . I made Harry [the accused] cut me. . . Angus Smith is the cause of it all." The rule as to the admissibility of dying declarations is well stated in 10 Am. & Eng. Enc. L. (2d ed.) 376, as follows: "Dying declarations, being a substitute for sworn testimony, must be such material statements as would be admissible had the dying person been sworn as a witness. If they relate to facts to which the declarant could have thus testified, they are admissible. Mere declarations of opinion, which would not be valid if the declarant were a witness, are inadmissible." If O'Neil had been sworn as a witness, it would not have been competent for him to testify that the accused had to cut him, that he made the accused do it, or that Smith was the cause of it all. These statements were mere declarations of O'Neil's opinion, based upon facts, or what he supposed were facts, within his knowledge. What he predicated his opinion upon was not disclosed. His conclusions may have been erroneous. The reasons for his belief may not have been sound. What to his mind might have justified the accused in stabbing him might not have been any legal excuse or justification at all. The facts which led him to believe that the accused had to cut him—that he made the accused do it—would have been admissible, but not a mere opinion founded upon them. There was no error in excluding the declarations. *Kearney* v. *State*, 101 *Ga.* 803; *Patterson* v. *State*, 53 *Ga.* 570.

2. We have carefully considered all of the evidence in the case, and are of opinion that it was amply sufficient to authorize the verdict, and that there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring.*