## OWEN v. THE STATE.

CANDLER, J. 1. There was ample evidence upon which to predicate the charge of the court as to the effect of recent possession of stolen goods. Under the evidence offered by the State a charge on this subject was demanded ; and there is no complaint that the charge as given was not a correct statement of the law.

2. A conviction may be had upon a free and voluntary confession corroborated only by proof of the corpus delicti. In charging on this subject, the trial judge should impress upon the jury the idea that, while this is the law, such proof does not necessarily demand a conviction, and that at last, to authorize a verdict of guilty, the jury must be satisfied beyond a reasonable doubt of the guilt of the accused. *Wimberly* v. *State*, 105 *Ga.* 188, and cit.

3. Where the judge charges the jury, in effect, that a verdict of guilty can not be had upon a confession alone, but that the same must be corroborated, and that it is sufficient corroboration to authorize a conviction when, in addition to proof of a confession, the corpus· delicti is shown, concluding his statement with the following language : " Where it is shown that the crime was committed, then you would be authorized to consider the confession," no error is committed of which the accused can complain.

4. The evidence offered, while not so conclusive as to render mathematically certain the guilt of the accused, was legally sufficient to authorize a verdict of guilty. The jury appears to have been satisfied beyond a reasonable doubt that the accused was guilty. The trial judge necessarily approved the verdict, as is shown by his refusal to grant a new trial, and this court will therefore not interfere with his judgment.

*Judgment affirmed. All the Justices concur.*

Submitted December 21, 1903.—Decided January 12, 1904.

Conviction of larceny from the house. Before Judge Roberts. Twiggs superior court. November 2, 1903.

*John R. Cooper*, for plaintiff in error.
*John F. DeLacy*, solicitor-general, contra.