## POTTS *v.* THE STATE.

ATKINSON, J.   The evidence authorized the verdict, and no sufficient reason appears for reversing the judgment.

*Judgment affirmed.    All the Justices concur, except Fish, C. J., absent.*

Argued May 23,—Decided July 2, 1906.

Indictment for unlawful sale of liquor.    Before Judge Freeman. Heard superior court.    April 11, 1906.

*Frank S. Loftin,* for plaintiff in error.

*J. R. Terrell, solicitor-general,* contra.

---

## WILLIAMS *v.* THE STATE.

COBB, P. J.   1. "When a house is consumed by fire and nothing appears but that fact, the law rather implies that the fire was the result of accident, or some providential cause, than of a criminal design." *Phillips* v. *State,* 29 *Ga.* 105.

2. "Before a person charged with a particular crime can be lawfully found guilty thereof, it is necessary to establish the corpus delicti. This can not be done by the mere extra-judicial confession of the accused. There must be aliunde proof of the corpus delicti." *Bines* v. *State,* 118 *Ga.* 320.

3. In the present case, when the confessions of the accused are eliminated, the other evidence is not sufficient to show beyond a reasonable doubt that there was a willful and malicious burning of the house which was destroyed by fire.

*Judgment reversed.    All the Justices concur, except Fish, C. J., absent.*

Argued May 21,—Decided July 2, 1906.

Indictment for arson.    Before Judge Holden.    Taliaferro superior court.    March 31, 1906.

*W. N. Maltbie, Joel Cloud,* and *J. W. Hixon,* for plaintiff in error.    *D. W. Meadow, solicitor-general,* contra.