*J. H. Tipton, solicitor,* contra.

---

### 1726.   WEST *v.* THE STATE.

1. In a case of arson, the corpus delicti consists of two fundamental facts: first, the burning of the house described in the indictment; and second, the fact that a criminal agency was the cause of the burning.

2. On a trial for arson, if nothing appears but the mere fact that the house was consumed by fire, the presumption is that the fire was the result of accidental, or natural or providential cause.

3. It is well settled in this State that while a confession freely and voluntarily made may be sufficient to convict when corroborated by proof of the corpus delicti, yet, before it can be sufficient for this purpose, there must be proof aliunde of the essential facts constituting the crime.

4. In this case there is no proof whatever tending to show that the crime of arson was committed by any one, and the conviction of the defendant is based alone upon his mere extrajudicial confession.

Indictment for arson, from Dooly superior court—Judge Whipple. January 22, 1909.

Submitted March 30,—Decided April 15, 1909.

*Busbee & Busbee,* for plaintiff in error.

*W. F. George, solicitor-general,* contra.

HILL, C. J.   Will West was convicted of arson, and his motion for a new trial was overruled. There is no controversy over any question of law, the only issue in the case being as to the sufficiency of the evidence. It is insisted by the plaintiff in error that there is no proof of the corpus delicti. In cases of arson, as in every other crime, it is absolutely necessary that the evidence, whether

direct or circumstantial, should show, to a moral and reasonable certainty and to the exclusion of every other reasonable hypothesis, that the crime was committed by some one. No universal and invariable rule can be laid down as to what would amount to proof of the corpus delicti. Each case depends upon its own peculiar circumstances. But in every case of arson two fundamental facts must appear;—first, a burning; and second, some criminal agency which caused the burning. In other words, the corpus delicti in a case of arson is not merely the burning of the house in question, but that it was burned by the wilful act of some person, and not as a result of natural or accidental cause; for if nothing appears but the mere fact that the house was consumed by fire, the presumption is that the fire was the result of accident or some providential cause. *Phillips* v. *State,* 20 *Ga.* 105; *Williams* v. *State,* 125 *Ga.* 741 (54 S. E. 661) ; *Bines* v. *State,* 118 *Ga.* 320 (45 S. E. 376, 68 L. R. A. 33).; *Ragland* v. *State,* 2 *Ga. App.* 492 (58 S. E. 689). The burden is, therefore, on the State to prove, first, a burning; and secondly, that it was a criminal burning. The facts in this case show beyond doubt that the house described in the indictment was consumed by fire. The facts and circumstances set out in the brief of the evidence do not in any manner indicate any criminal agency in the burning, and wholly fail to overcome the presumption that the burning was the result of accident or some natural providential cause. The circumstances relied upon by the State, aliunde the confession, as being sufficient to show some criminal agency in connection with the burning, are wholly inconclusive for that purpose. These circumstances, briefly stated, are as follows: The house burned was an unoccupied dwelling house, within sight of the dwelling house of the prosecutor. It was burned about twelve o'clock on Sunday night. The door of the house was open and in plain view of the residence of the prosecutor. There was no fire used in or about the house, and, so far as was known to any one, there was no fire about the house late in the afternoon or in the early part of the night of the burning. The house had in it at the time of the burning some seed-cotton and about a hundred bushels of cottonseed. There were some tracks, apparently made during the night, in the public road going by the house that was burned and by the residence of the prosecutor. Outside of the confession claimed to have been made by the defend-

ant, these are the only circumstances which the State relied upon to prove the corpus delicti. It must be apparent that, taken all together, they fall far short of proof of any criminal agency in the burning of the house. Certainly it can not be claimed that they in any degree tend to overcome the presumption of an accidental burning, and to establish beyond a reasonable doubt the hypothesis of unlawful burning. .

It is insisted that generally it is impossible to prove by direct evidence the corpus delicti in arson cases. This may be true, but it furnishes no reason for any relaxation of the imperative rule, founded in the humanity of the law and supported by principles of abstract justice, that in every case of alleged crime the proof must show the fact of the crime to a moral and reasonable certainty, to the exclusion of every other reasonable hypothesis. The crime of arson is not within any exception to the rule; indeed there is no exception to this salutary rule ·of evidence. In this case it is claimed that the defendant confessed the crime; but this confession is of no probative value whatever until, and unless, by some evidence outside of the confession, the crime is shown to have been committed by some one. The statute law of this State declares that a confession alone, uncorroborated by other evidence, will not justify a conviction. Penal Code, §1005. And while it has been declared that proof aliunde that a crime was committed would in law be sufficient corroboration of a confession, yet it is equally well settled that mere confession is not sufficient to establish the corpus delicti (*Murray* v. *State,* 43 *Ga.* 256) ; in other words, that before a confession will authorize a conviction, it must be corroborated by evidence which, independently of the confession, tends to establish the corpus delicti. *Bines* v. *State,* supra ; *Wimberly* v. *State,* 105 *Ga.* 188 (31 S. E. 162) ; *Davis* v. *State,* 105 *Ga.* 809 (32 S. E. 158) ; *Schaefer* v. *State,* 93 *Ga.* 177 (18 S. E. 552). Cases can be imagined in which a confession might disclose independent facts or circumstances which would furnish sufficient proof of the corpus delicti. But in this case no such independent facts or circumstances are disclosed by the confession. The confession consists of the simple statement that the defendant, in company with another negro, set fire to the house in question. There is no evidence of the existence or whereabouts of this alleged accomplice. No threat is shown to have been made by the

defendant in reference to the prosecutor or his property, and no motive appears for the commission of such a crime by the defendant. It is significant that the prosecutor himself, according to the evidence, was "stunned" by the confession of the defendant.

In some jurisdictions it has been held that a confession is sufficient to warrant a conviction where there is additional proof that the crime charged has been committed; in other words, that the confession may be taken and considered in connection with other evidence, if there be any, either positive or circumstantial, tending to prove the commission of the crime charged. Even if this rule of evidence is applicable under the law of this State, it would not fit the facts and circumstances of the present case; for here the confession, as before stated, furnishes no independent fact or circumstance tending to show the commission of the crime, or which when taken in connection with any other fact or circumstance in the case tends to show that any crime was committed; and the rule as declared in this State is that the corpus delicti must be fully proved independently of the confession.

We are reluctant at all times to interfere with the verdict of a jury, but after giving the facts and circumstances in this case a most careful consideration, we are perfectly clear that nothing appears in the evidence, outside of the confession, that even remotely tends to show the essential predicate upon which all criminal prosecutions must be based, to wit, the existence of the crime charged; and for this reason we are compelled to reverse the judgment refusing to grant another trial.          *Judgment reversed.*