## 7187. SIMMONS *v.* THE STATE.

RUSSELL, C. J. 1. To effect an entrance into a house used by another as a place of business, by pulling the staples by means of which the wire screen in a window was fastened and the window itself closed, is a "breaking," within the meaning of the statute defining burglary. *Grimes* v. *State,* 77 *Ga.* 762 (4 Am. St. R. 112).

2 In a trial for burglary, proof that a house which may be the subject of a burglary was entered by breaking a window closed by a screen in the manner referred to above, and that articles of value were stolen therefrom after the breaking, is sufficient to establish the corpus delicti.

3. A confession alone, uncorroborated by other evidence, will not authorize a conviction of burglary (*Rucker* v. *State,* 2 *Ga. App.* 140, 58 S. E. 295), but a plenary confession may be corroborated by proof of the corpus delicti, if from all the circumstances the jury are satisfied of the sufficiency of such corroboration.

4. Since there were other circumstances of an incriminatory nature, which themselves, regardless of the proof of the corpus delicti, strongly tended to corroborate the confession alleged to have been made by the defendant, the trial judge was not required, in the absence of an appropriate request, to warn the jury that "confessions of guilt should be received with caution." The testimony to the effect that the accused, who was a young boy, had spent and was in possession of a considerable amount of money a short time after the large sum of money had been burglariously taken, and the fact that his possession of the money was not explained, differentiates this case from that of *Rucker* v. *State,* supra.

5. The evidence authorized the verdict, and there was no error in refusing a new trial.          *Judgment affirmed.*

DECIDED MAY 18, 1916.

Indictment for burglary; from Colquitt superior court—Judge Thomas. December 20, 1915.

*Ragan & Maire,* for plaintiff in error.

*J. A. Wilkes,* solicitor-general, contra.