EPPS, *alias* NUN, *alias* WILLIAMS, *v.* THE STATE.

GILBERT, J. The accused was tried on an indictment charging her with the murder of her four-year-old child. The evidence showed that the accused was unmarried and was the mother of the child; that the child was, with the consent of the accused, kept and cared for from its birth by another woman, who returned the child to the mother with the explanation that on account of failing health she was unable to care for and rear the child; that the accused did not want to receive the child, and complained that it was sick. It was deformed and helpless. It further appeared that the accused was expecting to be married. The child disappeared. Sometime thereafter bones, apparently those of a child, were discovered fifty or seventy-five yards from the home of the accused, by a neighbor, who reported the fact and who together with others proceeded upon an investigation. Upon inquiry the accused made contradictory statements. She first stated that her father had taken the child away on the same day that it was returned to her. Several witnesses swore that she finally admitted the bones which had been discovered were those of her child, and explained that she had left it for a few moments to go into another part of her house and on returning found it dead; that she was frightened and had no money or friends; that it was at night and she buried the child with her own hands in a branch nearby. It appeared that the body had been exhumed by dogs or vultures. The accused made a statement to the jury, in which she admitted substantially all of the above-stated facts. Neither to the witnesses nor in her statement did the defendant admit killing the child. Upon the contrary she explained that the child had died while she was in another room in the house. Upon being found guilty, with recommendation for a sentence of life imprisonment, she made a motion for a new trial based upon the general grounds and certain amended grounds, including newly discovered evidence. *Held:*

1. The evidence was insufficient to authorize the verdict. It failed to establish the corpus delicti by that degree of proof required. *Lee v. State,* 76 *Ga.* 498.

2. The other assignments of error are not of such character as require a ruling, where the judgment refusing a new trial is reversed on the ground that the evidence did not authorize the verdict, and when the issues will not likely arise on another trial.

*Judgment reversed. All the Justices concur.*

No. 1476. OCTOBER 15, 1919.

Indictment for murder. Before Judge Harrell. Decatur superior court. May 24, 1919.

*J. C. Hale,* for plaintiff in error.

*Clifford Walker, attorney-general, R. C. Bell, solicitor-general, F. A. Hooper,* and *M. C. Bennet,* contra.