## CLAY *v.* THE STATE.

No. 8879.   FEBRUARY 17, 1933.

*Herschel White, Harry L. Taylor, Felix C. Williams, W. A. Dampier,* and *Carlysle Giles,* for plaintiff in error.

*George M. Napier, attorney-general, M. L. Gross, solicitor-general, T. R. Gress, assistant attorney-general, G. C. Powell,* and *I. W. Rountree,* contra.

RUSSELL, C. J. After a careful and painstaking study and consideration of the record in this case, we have reached the conclusion that the learned trial judge erred in overruling the motion for a new trial. This despite the fact that we find only one ground of the motion for new trial which demands another trial; but the error in this instance we deem to be so great as to subvert the verdict rendered by the jury and the sentence which is based upon it. We deem it unnecessary to deal with other assignments of error. Some of them are without merit; others are not likely to recur upon a subsequent investigation, such as the alleged prejudice and bias of a juror, and evidence alleged to have been newly discovered. Nothing is better settled than that in the determination of the competency or disqualification of jurors the judge is the exclusive trior, and his finding upon contested issues of fact will not generally be disturbed. So also the grant of a new trial always allows the movant an opportunity to present evidence additional and cumulative to that adduced upon the former trial.

However, we are of the opinion that the proof of the corpus delicti in this case is insufficient to establish the crime, and therefore insufficient to corroborate the confession, as the jury were instructed it might be. In ground 12 of the motion for a new trial it is assigned as error that the court erred in charging the jury "that where one confesses a crime, and that confession is freely and voluntarily made, and admissible under the rules of law I have given you in charge, then I charge you that proof of the corpus delicti is sufficient corroboration, and the jury would be authorized to convict, provided that from such proof you believe beyond a reasonable doubt that the defendant is guilty." The evidence upon the trial, independently of the confession, went no further than to establish that there was found among the remains of the filling-station, after it had been practically consumed by fire, the trunk of a human body. The evidence did not disclose whether the torso was the trunk of a white person or a black person, a male or a female. Aside from the contents of the confession, there were no signs or marks of any kind to indicate that there had been a homicide, or that the death of the human being was not due to natural or accidental causes—no marks of criminal violence. Proof of the corpus delicti can not draw corroboration from the confession, even though the rule be that proof of the corpus delicti may sufficiently corrobo-

rate a confession. To accept the existence of facts drawn from a confession to be the basis of the corpus delicti would be to let a portion of the confession corroborate itself. We are of the opinion that the charge quoted is subject to the criticisms and objections offered.

In ground 13 the plaintiff in error complains of the following instruction: "I have used the Latin phrase, so accustomed to it; but in order to make my charge clear, if you find that a confession was made and made under circumstances that render it admissible, then I charge you if it has been established, beyond a reasonable doubt, that Ellie McBride, the man alleged to have been killed, was in fact killed, then I charge you that such proof is sufficient corroboration of a confession, that the jury finds admissible, to authorize a conviction, not demand but authorize it; provided from such proof the jury believes beyond a reasonable doubt that the defendant is guilty." The use of the word "killed," as insisted by movant, was not authorized by the evidence, and was likely to mislead the jury. Aside from the confession of the accused, there is no evidence that Ellie McBride was killed. The language used by the court could easily have been understood as an instruction that if the jury found beyond a reasonable doubt that Ellie McBride was in fact killed, even though he had been killed naturally by a sudden attack of heart disease, cerebral hemorrhage, or any other cause, natural or accidental, the body of the crime, technically called the corpus delicti, had been established, and was therefore sufficient in law to corroborate the confession. This instruction was not adjusted to the evidence, not authorized, and was harmful to the movant, because of the fact there was no evidence of any nature (outside of the confession) that Ellie McBride was killed either by a gunshot wound or any other weapon, and no testimony showing any sign or evidence of violence on the portion of the body of the human being discovered in the ruins of the filling-station, or that this was a portion of the body of Ellie McBride. It was therefore error for the court to charge the jury that if they believed beyond a reasonable doubt that Ellie McBride, the man alleged to have been killed, was in fact killed, this would be sufficient corroboration of a confession.

The instructions complained of were so closely related that we have dealt with both of them together. We hold that the use of the

word "killed" was not warranted, inasmuch as there is no evidence in the record, outside of the alleged confession, to rebut the presumption that the death of the person, a portion of whose remains was found by the witnesses, was due to natural effects or providential or accidental causes, and to show that the killing was a crime. The witnesses who testified as to the charred remains swore that they were unable to determine whether the body was that of a white person or a negro, or whether the deceased person was male or female. The case of *Sligh* v. *State,* 171 *Ga.* 92 (154 S. E. 799), cited in the brief, expressed the·judgment of only four Justices. However, it is readily distinguished from the case at bar upon this point, because the witnesses who examined the body of the deceased in the *Sligh* case testified that they ascertained,.from an examination of the trunk of the decedent, that the body was one of a young white man. In *Epps* v. *State,* 149 *Ga.* 484 (100 S. E. 568), Mr. Justice Gilbert, delivering the unanimous opinion of the court, and after reciting the evidence, reversed the judgment of the lower court and held: "The evidence was insufficient to authorize the verdict. It failed to establish the corpus delicti by the degree of proof required." In *Langston* v. *State,* 151 *Ga.* 388 (106 S. E. 903), the unanimous court held that, on the trial of an accused person charged with murder, a confession alone, uncorroborated by other evidence, will not justify a conviction. " (a) Proof that the accused exhibited money to a witness will not suffice to corroborate a confession that the accused killed the deceased for the purpose of robbery and took the money from his person, there being no other evidence tending·to show that the deceased had any money about his person at the time of the alleged homicide. (b) On such a trial proof of the death of the person alleged to have been slain, and that his body was found at a particular place, was insufficient to corroborate a confession of the accused that he killed the deceased at the place where his body was found, for the purpose of robbery, there being no extraneous evidence sufficient to show that death was caused by any criminal agency." Mr. Justice Atkinson, delivering the opinion of the court, cited many authorities, including decisions of this court; and after reciting the evidence from the record, concluded as follows: "The expressions above quoted were by witnesses who did not witness the alleged homicide, and are not to be construed as showing an intention upon the part of the witnesses to testify that the

deceased was 'killed,' or that the witness saw wounds on the body of the deceased, or that there were any wounds on the body of the deceased which would tend to show that they caused his death by any criminal agency. The presumption is that the deceased came to his death by natural causes, and the evidence submitted was insufficient to overcome such presumption. The mere fact that the body was found on the floor was consistent with the theory of death by natural causes. Applying the rule that 'In a criminal case the corpus delicti should be established beyond a reasonable doubt, or a conviction should not be had,' the evidence was insufficient. Omitting from consideration the confession of the accused, as it should be, because it was not corroborated, the verdict finding the defendant guilty was unauthorized by the evidence, and the judge erred in refusing a new trial."

As to the merits of the remaining grounds, general and special, of the motion for a new trial, as already stated, we express no opinion and make no ruling.

*Judgment reversed. All the Justices concur.*