LOGUE *v.* THE STATE.

No. 15028.  November 21, 1944.  Rehearing denied December 4, 1944.

*Grady Gillon* and *Earl W. Butler,* for plaintiff in error.

*T. Grady Head, attorney-general, Charles H. Garrett, solicitor-general,* and *Victor Davidson, assistant attorney-general,* contra.

DUCKWORTH, Justice. Counsel for the accused contend that when tested by the rule in *Shedd* v. *State,* 178 *Ga.* 653 (173 S. E. 847), the evidence here does not authorize the verdict. The decision relied upon clearly holds that, in order to convict one charged with the murder of a newly born infant, the evidence must show that the child was born alive and had acquired an independent circulation and existence separate from its mother. The evidence here must meet that standard if the judgment excepted to is affirmed. If it be conceded that the confession here is sufficiently corroborated, there can be no doubt that the evidence authorized the verdict of guilty. It is not contended by counsel that the evidence of the prosecution fails to corroborate the confession. Indeed, there is corroboration in many respects. But it is insisted that the decision in *Bines* v. *State,* 118 *Ga.* 320 (45 S. E. 376, 68 L. R. A. 33), is authority for the proposition that the corpus delicti must be established beyond a reasonable doubt by evidence other than the confession. It was held in that decision that the corpus delicti could not be proved "by the mere extrajudicial confession of the accused. There must be aliunde proof of the corpus delicti." We do not understand that the decision relied upon held or intended to imply that the corroboration necessary to authorize a conviction upon a confession, referred to in the Code, § 38-420, means corroboration in some specified or particular portion of the confession; and that corroboration of that portion of the confession showing the corpus delicti would be insufficient to satisfy the requirements of the statute. The case there under consideration involved arson, and as pointed out in the opinion, on authority of *Phillips* v. *State,* 29 *Ga.* 105, and *Murray* v. *State,* 43 *Ga.* 256, "The law presumes the fire to have been accidental;" and, hence, the mere fact that the barn burned did not show or intimate that it was felonious. We think that the meaning of the statute in reference to corroboration was properly stated by this court in *Holsenbake* v. *State,* 45 *Ga.* 43, 56 (5). In the opinion, it is said: "If one confesses that he had committed a crime, that is not sufficient

to convict. But if it be proven that just such a crime as he acknowledges was, in fact, committed, does not this corroborate his confession? The Code does not fix the amount of corroboration. It does not say that it shall be corroborated in a number of particulars, but simply that a confession alone, uncorroborated by other evidence, shall not be sufficient. *To require a confession to be corroborated in every particular, would be to say that a confession is not sufficient, unless there be other evidence, sufficient without the confession, which would be absurd.* We do not feel authorized to draw any line. The confession must be corroborated, but how far, and in what particulars, is not said. . . Each case must stand on its own footing, the jury being the judges." (Italics ours.) In *Wilburn* v. *State,* 141 *Ga.* 510 (10) (81 S. E. 444), this court, in ruling on an exception to a charge, which exception contended that the confession could not be considered in connection with other evidence in proving the corpus delicti, but that this must be proved by evidence wholly independent of the confession, said: "The exception is not meritorious. Section 1031 [now § 38-420] of the Penal Code declares: 'A confession alone, uncorroborated by other evidence, will not justify a conviction,' clearly intimating, by the use of the word 'alone,' that the confession may be considered along with other evidence, and, if the corroborating evidence be sufficient, a conviction will be justified." In the opinion there, reference is made to that portion above quoted from the decision in *Bines* v. *State,* supra, and it is said that the use of the word "mere" clearly indicates that the confession was not to be entirely excluded from the consideration of the jury in passing on the question as to whether the corpus delicti had been proved. Anything ruled in *Clay* v. *State,* 176 *Ga.* 403 (168 S. E. 289), in conflict with the above ruling, concurred in by all six Justices, is unsound and will not be followed. See, in this connection, *Joiner* v. *State,* 119 *Ga.* 315 (46 S. E. 412); *Buckhanon* v. *State,* 151 *Ga.* 827 (108 S. E. 209); *Coggeshall* v. *State,* 161 *Ga.* 259 (131 S. E. 57); *Sheffield* v. *State,* 188 *Ga.* 1 (2 S. E. 2d, 657); *Wade* v. *State,* 195 *Ga.* 870 (25 S. E. 2d, 712). On authority of the decisions referred to and the plain language of the statute, we hold that corroboration of the confession in any material particular satisfies the requirements of the law, and, with this done, the confession is properly submitted to the jury, and it is the exclusive province of the jury to deter-

mine whether or not the corroboration is sufficient to satisfy them of the guilt of the accused beyond a reasonable doubt, and their verdict when thus made will not be set aside on the ground that the evidence is insufficient. There is no rule of law that requires, as a condition precedent to the consideration of a confession, that the corpus delicti be established beyond a reasonable doubt by independent evidence. If, as here, the confession shows the corpus delicti, and it is corroborated on this point by the testimony of the physician who performed the autopsy, the two together constitute legal evidence upon which the jury is authorized to find that the corpus delicti has been proved beyond a reasonable doubt. The testimony of the physician in this case, to the effect that in his opinion gained from the autopsy the infant was born alive and came to its death as the result of the wound found upon its body which virtually severed its head, while being insufficient to show beyond a reasonable doubt that the baby was born alive or that the wound was inflicted after the baby had an independent and separate existence from its mother, is yet sufficient to show a strong likelihood that these things were true, and, when aided by the confession of the accused that the baby did live five or ten minutes, that it cried, and that she cut its throat with a knife and then buried it under the house, is sufficient to authorize the jury to find the defendant guilty beyond a reasonable doubt of the charge of murder. The evidence being sufficient to authorize the verdict, the court did not err in overruling the motion for new trial, which contains the general grounds only.

*Judgment affirmed. All the Justices concur except*

ATKINSON, Justice, dissenting. I cannot concur in the decision of the majority. The legal effect of the majority opinion is to hold that a conviction may be legal if there is a confession which is corroborated by aliunde evidence of some, but not all, of the elements constituting the corpus delicti. This ruling is not supported by any previous decision of this court, but on the other hand is contrary thereto. It is my opinion that a person cannot be convicted upon a confession where the sole corroboration is proof of the corpus delicti, unless all of the elements of the corpus delicti are established by aliunde evidence.

In the instant case, in order to establish the corpus delicti, it was essential for the State to show: (a) that the body was that of a human being, (b) that it was dead, and (c) that it was killed by

the criminal agency of some other person. Without the confession, the State's evidence does not establish that the body was that of a human being which could be the victim of murder as defined by the Code, § 26-1002. Under the ruling in *Shedd* v. *State,* 178 *Ga.* 653 (supra), where a person is charged with the murder of an infant, before a conviction will be authorized, it must be shown that the child was born alive; not only that it breathed, but that it had an independent circulation and existence separate from its mother. This was not proved by any aliunde evidence, and was an essential element necessary to establish the corpus delicti.

The Code, § 38-420, provides: "A confession alone, uncorroborated by any other evidence, shall not justify a conviction." Proof of the corpus delicti is held to be sufficient corroboration. *Daniel* v. *State,* 63 *Ga.* 339; *Paul* v. *State,* 65 *Ga.* 152; *Williams* v. *State,* 69 *Ga.* 11 (26); *Westbrook* v. *State,* 91 *Ga.* 11 (2) (16 S. E. 100); *Schaefer* v. *State,* 93 *Ga.* 177 (18 S. E. 552); *Wimberly* v. *State,* 105 *Ga.* 188 (31 S. E. 162); *Owen* v. *State,* 119 *Ga.* 304 (2) (46 S. E. 433). But it must be proved beyond a reasonable doubt. *Lee* v. *State,* 76 *Ga.* 498; *Epps* v. *State,* 149 *Ga.* 484 (100 S. E. 568); *Wrisper* v. *State,* 193 *Ga.* 157 (17 S. E. 2d, 714). One element of the corpus delicti is just as essential as the other. *Warren* v. *State,* 153 *Ga.* 354, 361 (112 S. E. 283). In the absence of extraneous evidence of all elements of the corpus delicti, the proof is insufficient to corroborate the confession. *Langston* v. *State,* 151 *Ga.* 388 (106 S. E. 903). If dependent on circumstantial evidence, it must be established to the exclusion of every other reasonable hypothesis. *Warren* v. *State,* supra. But in order for the corpus delicti to furnish sufficient corroboration of the confession, there should be aliunde evidence which establishes all the necessary elements of the corpus delicti. Aliunde proof means evidence from another source, from elsewhere. "A confession alone, however, being insufficient to convict, makes other evidence in corroboration necessary." *Smith* v. *State,* 64 *Ga.* 605, 606. "As to the alleged confession, we think that cannot be relied upon to supply the want of evidence as to the corpus delicti." *Johnson* v. *State,* 86 *Ga.* 90, 93 (13 S. E. 282). "Even two positive confessions of guilt, without independent proof of the corpus delicti, would not be sufficient to authorize a conviction." *Bines* v. *State,* 118 *Ga.* 320, 327 (supra). "There must be aliunde proof of the corpus delicti." *Williams* v. *State,* 125 *Ga.* 741 (54 S. E. 661). "The corpus de-

licti must be established without aid afforded by reference to the confession which is itself sought to be corroborated. . . Proof of the corpus delicti cannot draw corroboration from the confession." *Clay* v. *State,* 176 *Ga.* 403, 404 (supra). That there must be evidence of the corpus delicti, and the whole thereof, independent of the confession, before a conviction will be authorized, is held in Forte *v.* United States, 94 Fed. 2d, 236 (127 A. L. R. 1120), where the exact question here under consideration is passed upon.

If one essential element of the corpus delicti can be established by a confession, there would be no reason why all essential elements could not be so established; which line of reasoning would necessarily lead to the result that a person could be convicted on his uncorroborated confession by simply using the confession to corroborate the confession.