I cannot concur in the decision of the majority. The legal effect of the majority opinion is to hold that a conviction may be legal if there is a confession which is corroborated by aliunde evidence of some, but not all, of the elements constituting the corpus delicti. This ruling is not supported by any previous decision of this court, but on the other hand is contrary thereto. It is my opinion that a person cannot be convicted upon a confession where the sole corroboration is proof of the corpus delicti, unless all of the elements of the corpus delicti are established by aliunde evidence.
In the instant case, in order to establish the corpus delicti, it was essential for the State to show: (a) that the body was that of a human being, (b) that it was dead, and (c) that it was killed by *Page 677 
the criminal agency of some other person. Without the confession, the State's evidence does not establish that the body was that of a human being which could be the victim of murder as defined by the Code, § 26-1002. Under the ruling in Shedd v. State,178 Ga. 653 (supra), where a person is charged with the murder of an infant, before a conviction will be authorized, it must be shown that the child was born alive; not only that it breathed, but that it had an independent circulation and existence separate from its mother. This was not proved by any aliunde evidence, and was an essential element necessary to establish the corpus delicti.
The Code, § 38-420, provides: "A confession alone, uncorroborated by any other evidence, shall not justify a conviction." Proof of the corpus delicti is held to be sufficient corroboration. Daniel v. State, 63 Ga. 339; Paul v.State, 65 Ga. 152; Williams v. State, 69 Ga. 11 (26);Westbrook v. State, 91 Ga. 11 (2) (16 S.E. 100);Schaefer v. State, 93 Ga. 177 (18 S.E. 552); Wimberly v.State, 105 Ga. 188 (31 S.E. 162); Owen v. State,119 Ga. 304 (2) (46 S.E. 433). But it must be proved beyond a reasonable doubt. Lee v. State, 76 Ga. 498; Epps v.State, 149 Ga. 484 (100 S.E. 568); Wrisper v. State,193 Ga. 157 (17 S.E.2d 714). One element of the corpus delicti is just as essential as the other. Warren v. State, 153 Ga. 354,361 (112 S.E. 283). In the absence of extraneous evidence of all elements of the corpus delicti, the proof is insufficient to corroborate the confession. Langston v. State, 151 Ga. 388
(106 S.E. 903). If dependent on circumstantial evidence, it must be established to the exclusion of every other reasonable hypothesis. Warren v. State, supra. But in order for the corpus delicti to furnish sufficient corroboration of the confession, there should be aliunde evidence which establishes all the necessary elements of the corpus delicti. Aliunde proof means evidence from another source, from elsewhere. "A confession alone, however, being insufficient to convict, makes other evidence in corroboration necessary." Smith v. State,64 Ga. 605, 606. "As to the alleged confession, we think that cannot be relied upon to supply the want of evidence as to the corpus delicti." Johnson v. State, 86 Ga. 90, 93
(13 S.E. 282). "Even two positive confessions of guilt, without independent proof of the corpus delicti, would not be sufficient to authorize a conviction." Bines v. State, 118 Ga. 320,327 (supra). "There must be aliunde proof of the corpus delicti."Williams v. State, 125 Ga. 741 (54 S.E. 661). "The corpus delicti *Page 678 
must be established without aid afforded by reference to the confession which is itself sought to be corroborated. . . Proof of the corpus delicti cannot draw corroboration from the confession." Clay v. State, 176 Ga. 403, 404 (supra). That there must be evidence of the corpus delicti, and the whole thereof, independent of the confession, before a conviction will be authorized, is held in Forte v. United States, 94 F.2d 236 (127 A.L.R. 1120), where the exact question here under consideration is passed upon.
If one essential element of the corpus delicti can be established by a confession, there would be no reason why all essential elements could not be so established; which line of reasoning would necessarily lead to the result that a person could be convicted on his uncorroborated confession by simply using the confession to corroborate the confession.