GRIMES *v.* THE STATE.

No. 16495.   FEBRUARY 17, 1949.

*Daniel Duke, Frank A. Bowers,* and *A. T. Walden,* for plaintiff in error.

*Eugene Cook, Attorney-General, D. M. Pollock, Solicitor-General,* and *J. R. Parham, Assistant Attorney-General,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ▮ The record in this case presents the question of whether there is sufficient evidence to corroborate the confession of the accused. The Code, § 38-420, provides: "A confession alone, uncorroborated by any other evidence, shall not justify a conviction." However, proof of the corpus delicti is held to be sufficient corroboration. *Daniel* v. *State,* 63 *Ga.* 339; *Paul* v. *State,* 65 *Ga.* 152; *Williams* v. *State,* 69 *Ga.* 11; *Westbrook* v. *State,* 91 *Ga.* 11 (2) (16 S. E. 100); *Schaefer* v. *State,* 93 *Ga.* 177 (18 S. E. 552); *Wimberly* v. *State,* 105 *Ga.* 188 (31 S. E. 162); *Owen* v. *State,* 119 *Ga.* 304 (2) (46 S. E. 433). To prove the corpus delicti in a charge of murder, it is essential to establish that the person alleged to have been killed is actually dead, and that death was caused or accomplished by violence or other direct criminal agency of another human being; that is, it was not accidental, nor due to natural causes, nor to the act of the deceased, and that the accused caused the death in the manner charged. *Warren* v. *State,* 153 *Ga.* 354 (2) (112 S. E. 283). Independently of the confession, there is no evidence in this record to show that the accused was killed by violence or other direct criminal agency of another. He was seen coming from his house with his clothing afire, and died from the burns. There was the smell of kerosene upon him and in the house. The

lamp containing kerosene was shown to have been broken. There was no evidence that anyone else was in the house at that time. Witnesses for the State testified that immediately after coming out of the house, and when asked how did he catch afire, the deceased stated, "The house was afire and he tried to put it out." Certainly these facts, standing alone, do not establish the corpus delicti. The corpus delicti must be proved beyond a reasonable doubt. *Lee* v. *State,* 76 *Ga.* 498; *Epps* v. *State,* 149 *Ga.* 484 (100 S. E. 568); *Wrisper* v. *State,* 193 *Ga.* 157 (17 S. E. 2d, 714). One element of the corpus delicti is just as essential as the other, and if dependent on circumstantial evidence, it must be established to the exclusion of every other reasonable hypothesis. *Warren* v. *State,* 153 *Ga.* 354 (2) (supra). A confession may authorize a conviction, if corroborated, and as above stated, proof of the corpus delicti is sufficient corroboration; but the proof to establish all the elements of the corpus delicti must be from a source or sources other than the confession. "A confession alone, however, being insufficient to convict, makes other evidence in corroboration necessary." *Smith* v. *State,* 64 *Ga.* 605, 606. In the absence of extraneous evidence of all elements of the corpus delicti, the proof is insufficient to corroborate the confession. *Langston* v. *State,* 151 *Ga.* 388 (106 S. E. 903). "As to the alleged confession, we think that cannot be relied upon to supply the want of evidence as to the corpus delicti." *Johnson* v. *State,* 86 *Ga.* 90, 93 (13 S. E. 282). "Even two positive confessions of guilt, without dependent proof of the corpus delicti, would not be sufficient to authorize a conviction." *Bines* v. *State,* 118 *Ga.* 320, 327, (45 S. E. 376). "Before a person charged with a particular crime can be lawfully found guilty thereof, it is necessary to establish the corpus delicti. This can not be done by the mere extra-judicial confession of the accused. There must be aliunde proof of the corpus delicti." *Williams* v. *State,* 125 *Ga.* 741 (2) (54 S. E. 661). In the case just cited, which was reversed, it was held that when the confession was eliminated there was not sufficient evidence to establish the corpus delicti. "The corpus delicti must be established without aid afforded by reference to the confession which is itself sought to be corroborated." *Clay* v. *State,* 176 *Ga.* 403 (168 S. E. 289).

To hold that a confession, in the absence of independent evidence to establish the corpus delicti, could be used to itself establish the corpus delicti, would necessarily have the effect of ruling that a person could be convicted on his uncorroborated confession, by simply using the confession to corroborate the confession.

While there seems to be a misapprehension on the part of some members of the bench and bar as to the ruling made in *Wilburn* v. *State,* 141 *Ga.* 510 (10) (81 S. E. 444), yet nothing was there held which is in conflict with the ruling here made. That case does not hold that the corpus delicti, or any element thereof, can be established solely by the confession. It specifically reiterates the doctrine heretofore set forth in the cases cited. It is there stated: "Of course, in order to prove the corpus delicti, there must be evidence showing it independently of the confession; but it does not follow that the confession can not be considered in connection with such independent or aliunde evidence in passing on the question as to whether the corpus delicti has been proved." The latter phrase of this quotation merely means that, where the corpus delicti has been established by independent evidence, in passing on the credibility or reasonableness of this independent evidence the jury may then consider the confession along with the independent evidence in determining whether the corpus delicti has been proved. In other words, where the corpus delicti has been prima facie established by independent evidence, the confession may then be considered by the jury, in addition thereto, in determining whether the corpus delicti has been satisfactorily proven.

In the event of another trial of this case, certain questions raised in the amended motion for new trial will probably be again presented, so we now rule thereon.

■ The accused sought to introduce certain testimony as a dying declaration. The witness to establish it was Maggie Catlin. The testimony offered was that, as to the cause of the fire, the deceased stated: "He might have crossed his legs and knocked the lamp off. . . I don't know how I got burned unless I crossed my legs and knocked the lamp off." This testimony was admissible as a dying declaration. It was not merely a conclusion or opinion, as will be found in *Kearney* v. *State,* 101

*Ga.* 803 (1) (29 S. E. 127, 65 Am. St. R. 344), and *Sweat* v. *State,* 107 *Ga.* 712 (1) (33 S. E. 422).

■ Exceptions are taken to the following portion of the charge: "The defendant has made a statement in this case, which he has a right to do under our law. This statement is not made under oath and the defendant can not be cross-examined unless he consents to be. You may believe this statement in preference to the sworn testimony in the case; you may believe all of it, part of it, or none of it; it is entirely with you as to the weight and credit you will give to the defendant's statement." The portion of the charge, "This statement is not made under oath and the defendant can not be cross-examined unless he consents to be," is excepted to on specific grounds. The exceptions are without merit. A charge in almost the identical language was held to be without error in *Willingham* v. *State,* 169 *Ga.* 142 (7) (149 S. E. 887). See also, in this connection, *Roberts* v. *State,* 189 *Ga.* 36 (1) (5 S. E. 2d, 340).

*Judgment reversed. All the Justices concur.*