37059. RICHARDSON *v.* THE STATE.

DECIDED FEBRUARY 18, 1958.

*A. M. Kelly, Wm. L. Preston,* for plaintiff in error.

*D. M. Pollock, Solicitor-General,* contra.

GARDNER, Presiding Judge. The evidence shows that the defendant was a high class, well recommended person. There are many character witnesses, all of whom speak well of the defendant. On the other hand, there is much evidence that the deceased had a bad reputation. Be that as it may, we are reversing the case on a special ground, and the evidence on a new trial will speak for itself.

1. Special ground 1 assigns error on an excerpt from the charge of the court regarding possession by the deceased of a pistol at the time of the killing or prior to the shooting. In regard to this special ground, it is our opinion that the jury was authorized to find the killing to be justifiable because of the attack with rocks which was testified to by a witness and also described by the defendant in his statement. The jury would have been authorized to find that this was an unprovoked attack by three men, including the deceased, with weapons likely to produce death, and such as to arouse the fears of a reasonable man that a felony was about to be committed upon him. There is no evidence to authorize the jury to find that any of the attackers had a pistol. After

charging on justifiable homicide in a general way the court added the following: "In other words, if you should find . . . that the deceased at the time of the killing had a pistol, and that this was known to the defendant . . . and that the defendant acting under the fears of a reasonable man shot and killed the deceased believing that the deceased was endeavoring . . . to commit a felonious assault upon him, then the killing would be justifiable." The court thus limited the charge on justifiable homicide to a situation where the defendant believed the deceased had a pistol, and there is not one iota of testimony that anyone other than the defendant had a pistol, and that this was the same pistol which was found on or near the victim after the defendant shot him. This excerpt, considered with the whole charge, tended to exclude from jury consideration the question of whether a man set upon by three other men with rocks in their hands might not be equally justified in shooting in self-defense although the aggressors were armed with rocks rather than with firearms. In a close and doubtful case it cannot be assumed that a charge which might have misled the jury into bringing in an adverse verdict did not actually do so. Under all of the evidence here except that of the companions of the man who was shot, the defendant did no more than any person attending a public function who makes an effort to eject unauthorized persons coming on the premises only for the purpose of making trouble. It is particularly important in such a case that the jury have the issues of law clearly before them, and that they understand under what circumstances a person may or may not take a human life in his own defense.

This excerpt was not an expression of opinion by the court. In *Densley* v. *State,* 24 *Ga. App.* 136 (2) (99 S. E. 895) this court said: "To declare the law applicable to a given state of facts is no expression or intimation of opinion as to whether any of the facts referred to do or do not exist in the case on trial." This special ground is cause for reversal.

2. Special ground 2 assigns error in that the court failed to charge without a written request the law as to the character of the deceased for violence. It is true that all controlling issues of a case should be charged, even though not requested. See *Walker* v. *State,* 122 *Ga.* 747 (2) (50 S. E. 994); *Dorsey* v. *State,* 126

Ga. 633 (55 S. E. 479); McLendon v. State, 14 Ga. App. 737 (4) (82 S. E. 317), and Holland v. State, 17 Ga. App. 311 (86 S. E. 739). However, since there was no written request to charge regarding the character of the deceased, such is not erroneous. In Tillman v. State, 136 Ga. 59, 61 (70 S. E. 876) the Supreme Court said: "In the absence of a timely written request, there was no error requiring a new trial in the failure of the court to charge the jury in regard to the character of the deceased for violence." See also Willingham v. State, 169 Ga. 142 (7) (149 S. E. 887); Roberts v. State, 189 Ga. 36 (1) (5 S. E. 2d 340), and Grimes v. State, 204 Ga. 854 (3) (51 S. E. 2d 797).

3. Special ground 3 assigns error because the court charged as follows: "I charge you further that the defendant is allowed to make to the court and jury just such statement in his own behalf as he sees fit. The statement is not under oath, and under Georgia law he cannot be put under oath; he is not subject to cross-examination, and you are authorized to give his statement just such weight and credit as you think it is entitled to received. You may believe it in whole, or in part, or may believe it in preference to the sworn testimony in the case." Code § 38-415 provides: "In all criminal trials, the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense. It shall not be under oath, and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case. The prisoner shall not be compelled to answer any questions on cross-examination, should he think proper to decline to answer." A defendant may consent to be cross-examined but cannot be compelled to answer questions propounded on cross-examination if he does not wish to answer. See Roberts v. State, 189 Ga. 36, supra. While this excerpt from the charge was inept and it would have been better to come closer to the phraseology of the Code section, we can not see as a matter of law that the cause of the defendant was prejudiced by the difference between the words of the court and the words of the Code section. See Willingham v. State, 169 Ga. 142, supra, and Grimes v. State, 204 Ga. 854, supra.

4. Special ground 4 assigns error because the court charged that it must appear to the satisfaction of the jury "beyond a reason-

able doubt" that there was no evil design, nor evil intention, and no culpable negligence on the part of the defendant. Code § 26-404 reads: "A person shall not be found guilty of any crime or misdemeanor committed by misfortune or accident, and where it satisfactorily appears there was no evil design, or intention, or culpable neglect."

Again we say that it would have been better for the court to have followed the words of the Code section more closely, but at the same time in this respect the words could not have harmed the defendant, but on the contrary it could have been interpreted by the jury as beneficial to the defendant. This special ground shows no reversible error.

5. Special ground 5 assigns error because it is contended that the court erred in charging the following excerpt: "Our law further provides that intention may be manifested by the circumstances connected with the perpetration of the offense." It is contended that the court charged only a part of the applicable Code section, i.e., Code § 26-202. It is our opinion that the court charged sufficiently on the subject matter of this portion of the charge, although again we state that it would have been better for the court to have followed the wordage of the Code section more closely. To have failed to do so, in view of the whole charge, is not cause for reversal.

6. Special ground 6 assigns error because the court failed to charge on the law of involuntary manslaughter. The evidence shows that the defendant did not remember getting a gun or pistol or even having possession of one. An emergency existed. Code § 26-1009, on the subject of involuntary manslaughter, reads: "Involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an unlawful manner: Provided, that where such involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being, or is committed in the prosecution of a riotous intent, or of a crime punishable by death or confinement in the penitentiary, the offense shall be deemed and adjudged to be murder." In the instant case the defendant was endeavoring to save his own life and to protect his wife and others.

In *Jackson* v. *State*, 76 *Ga.* 473, 478, the Supreme Court said: "Where there is evidence sufficient to raise a doubt, however slight, upon the point, whether the crime be murder or manslaughter, voluntary or involuntary, the court should instruct the jury upon these grades of manslaughter as well as murder. *Wayne* v. *State*, 56 *Ga.* 113." In *Strickland* v. *State*, 133 *Ga.* 76, 77 (65 S. E. 148) the Supreme Court stated the principle in this language: "When a defendant is put upon trial for murder, and there is any doubt as to the grade of homicide of which he is guilty, it is the duty of the court to clearly and distinctly instruct the jury as to the law, defining the several grades of homicide, as recognized by the Penal Code, and then leave it to the jury to find from the evidence of what particular grade he is guilty." While the cases to which reference is made in this division of this opinion reveal correct principles of law, they are not cause for reversal for the reason given hereinabove. The defendant's statement is the only thing in the record that would authorize a charge on this subject, it being in effect that he did not remember procuring the pistol and firing the fatal shot. Where the defendant's statement is the only authority for a charge, it is not required in the absence of request. "Where there is nothing in the evidence to indicate that the killing was not voluntary, and where no charge is requested on that subject, involuntary manslaughter is not an issue in the case, and no allusion should be made to it in charging the jury, even though the prisoner's statement by indirection suggest such a theory." *Jackson* v. *State*, 91 *Ga.* 271 (3) (18 S. E. 298, 44 Am. St. R. 22). This special ground shows no cause for reversal.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*