## 50458. GRAY v. THE STATE.

EVANS, Judge.

Defendant was indicted and convicted in Superior Court of Hall County on four counts of burglary. He received sentences to run both concurrently and consecutively, a total of forty years. Defendant appeals. *Held:*

1. Defendant made a confession. A hearing on whether the confession was voluntary was held outside the presence of the jury. The evidence established that defendant sent a list of places to enforcement officers and stated he wanted to talk about them. All of these places had been recently burglarized. He was advised thoroughly as to his legal rights before any discussion was held, and he voluntarily confessed to the crimes charged and also to others. The court did not err in holding that the confessions were freely and voluntarily made under the evidence submitted. See *High v. State,* 233 Ga. 153 (210 SE2d 673).

2. Proof of the corpus delicti, accompanied by a free and voluntary confession, is sufficient evidence to support a conviction. *McVeigh v. State,* 205 Ga. 326, 335 (53 SE2d 462).

3. A confession of burglary is sufficiently corroborated where there is other testimony that the buildings named in the indictment have been burglarized, and the defendant admits he stole certain articles shown to have been removed from them. *Hilliard v. State,* 128 Ga. App. 157 (7) (195 SE2d 722); *Simmons v. State,* 18 Ga. App. 104 (2) (88 SE 904).

4. Code § 38-420, provides: "A confession alone, uncorroborated by any other evidence, shall not justify a conviction." However, proof of the corpus delicti is held to be sufficient corroboration. *Daniel v. State,* 63 Ga. 339; *Paul v. State,* 65 Ga. 152; *Williams v. State,* 69 Ga. 11; *Westbrook v. State,* 91 Ga. 11 (2) (16 SE 100); *Schaefer v. State,* 93 Ga. 177 (18 SE 552); *Wimberly v. State,* 105 Ga. 188 (31 SE 162); *Owen v. State,* 119 Ga. 304 (2) (46 SE 433).

5. Count 1 is supported by the defendant's quoted statement that he entered after knocking out a glass window at the rear of the restaurant, and took two transistor radios from the dining room. This confession is corroborated by evidence that the window in the back was broken and two portable radios were taken.

6. Count 2, charging burglary of a cafe, is supported by defendant's confession that he entered, stole a cash register, and left it on a railroad track. The cash register was later found on the railroad track about a block from

the cafe. The confession was therefore corroborated by this evidence.

7. As to Count 3, defendant admitted breaking and entering, and that he at first attempted to enter by breaking a window glass. Being unable to obtain access in this fashion, he then knocked the hasp off a door. However, he stated that he entered, saw an open safe with nothing in it, and left without taking anything.

It was proven that the place in question had been entered and burglarized by someone on August 5, 1974, and that the locks thereon had been broken. Glass had been broken in the front door; and a rock with a bloodstain upon same was found outside the broken door at the scene of the entry. The defendant's hand had been recently cut. Upon his arrest the following day, and as a part of his confession, he admitted to the arresting officer that he had cut his hand at the time of breaking the glass in the door. The fact that the glass in the door had been broken, and that a bloodstained rock was found nearby, and that defendant had a hand that had been recently cut are all matters sufficient to corroborate his confession. There was also sufficient evidence to show that a pair of pliers had been stolen.

8. Count 4 as to the burglary of a private home is supported by the confession that he broke in and stole a pistol, which is corroborated by the fact that this pistol was found on the defendant.

9. The evidence was amply sufficient to support conviction as to all counts. None of the enumerations of error is meritorious.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED APRIL 9, 1975 — DECIDED JUNE 26, 1975.

*Smith, Smith & Frost, John H. Smith, Steven P. Gilliam,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.