BIRD *v.* THE STATE.

128 253<br>
f130 362

ATKINSON, J. 1. The unlawful killing of one who has given the slayer no provocation other than the use of words, threats, menaces, or contemptuous gestures can not, in this State, be graded to voluntary manslaughter, under the doctrine of mutual combat. Penal Code, § 65. See also *Cumming* v. *State,* 99 *Ga.* 662. Under the principle just announced, there was no evidence in this case authorizing an instruction on the law of voluntary manslaughter, under the doctrine of mutual combat. The case of *Jenkins* v. *State,* 123 *Ga.* 523, dealt with the subject of "other equivalent circumstances," and not "mutual combat." Hence the ruling there made is not applicable in this case.

2. In an effort to prove the foundation for admitting a statement as a dying declaration of the deceased, the witness, before laying the foundation, improperly testified to the substance of the statement, and was thereupon cautioned by the court as follows: "Hold on! He didn't ask you to tell that;" and the examination proceeded for the purpose of laying the foundation for introducing the statement. In the absence of a motion to rule out the testimony giving the substance of the statement, there was no error in refusing a new trial on account of the occurrence just recited.

3. The injured person was in fact in a dying condition. The strongest evidence offered to show that at the time of making the declaration he realized that he was in a dying condition is: "He said that he never expected to get up." This expression is susceptible of two constructions: one that he realized that he was in a dying condition; and the other that while he might recover, he would never be able to leave his bed. It was proper in such case for the court to submit the question to the jury, with appropriate instructions that if they found that the deceased realized that he was in a dying condition at the time of making the statement, they should consider the statement, and if not, that they should disregard it. *Findley* v. *State*, 125 *Ga.* 579.

*Judgment affirmed. All the Justices concur.*

Argued March 18,—Decided May 14, 1907.

Indictment for murder. Before Judge Freeman. Troup superior court. January 20, 1907.

*A. H. Thompson,* for plaintiff in error.

*John C. Hart, attorney-general,* and *J. R. Terrell, solicitor-general,* contra.