### PETERSON v. THE STATE.

EVANS, P. J. The charge of the court fairly and fully stated the issues, and the law appropriate thereto; neither grade of manslaughter was presented by the evidence; the verdict is supported by the evidence; and there was no abuse of discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

Submitted February 15,—Decided March 10, 1909.

Indictment for murder. Before Judge Worrill. Clay superior court. January 15, 1909.

*Ben. M. Turnipseed,* for plaintiff in error.

*John C. Hart, attorney-general, J. A. Laing, solicitor-general,* and *Reuben R. Arnold,* contra.

---

### LOWE v. THE STATE.

LUMPKIN, J. 1. The verdict was sustained by the evidence.

2. Where evidence shows prima facie that declarations made by a person who had been shot and soon thereafter died were dying declarations within the meaning of the law, they are admissible in evidence.

(a) The mere fact that some testimony later delivered may cast doubt upon the realization by the dying man of his condition does not render the previous admission of the dying declarations in evidence erroneous. This is especially true where, after the delivery of the last-mentioned testimony, no motion is made as to the testimony which has already been admitted.

3. Under the facts of this case there was no error in omitting to give in charge to the jury the law of voluntary manslaughter.

4. In the light of the evidence, the contention of the accused, and the entire charge, there is no merit in the exception taken to the instruction of the court to the jury on the subject of the defense of a son-in-law by his father-in-law.

5. None of the grounds of the motion for a new trial present any sufficient cause for a reversal. *Judgment affirmed. All the Justices concur.*

Argued February 15,—Decided March 10, 1909.

Indictment for murder. Before Judge Littlejohn. Macon superior court. December 24, 1908.

*Leon C. Greer* and *L. J. Blalock,* for plaintiff in error.

*John C. Hart, attorney-general,* and *J. R. Williams, solicitor-general,* contra.