COOK *v.* THE STATE.

ATKINSON, J. 1. A complaint in a motion for a new trial, that error was committed in admitting certain evidence over the objection of the accused, presents no question for decision, unless the grounds of objection urged against the evidence at the time it was offered are set forth. *Field* v. *State,* 126 *Ga.* 571 (55 S. E. 502).

2. The admission of irrelevant testimony will not generally warrant the granting of a new trial, unless it appears that the evidence was calculated to injuriously affect the complaining party; especially is this true when the evidence is not material and not calculated to mislead the jury. *Elliott* v. *State*, 132 *Ga.* 758 (64 S. E. 1090).

3. Where evidence shows prima facie that declarations made by a person who had been shot and soon thereafter died were dying declarations within the meaning of the law, they are admissible in evidence. *Lowe* v. *State*, 132 *Ga.* 341 (63 S. E. 1114). See also *Jones* v. *State*, 130 *Ga.* 274 (60 S. E. 840); *Bird* v. *State*, 128 *Ga.* 253 (57 S. E. 320).

4. If the law of voluntary manslaughter was involved, it was founded solely upon the statement of the accused; and there being no timely written request to charge upon the subject of manslaughter, there was no error in refusing to do so. *Robinson* v. *State*, 114 *Ga.* 56 (39 S. E. 862).

5. Where upon the trial of one charged with murder it was the theory of the State that the defendant killed the deceased for the purpose of robbery, and there was evidence to support such theory, it was not erroneous to permit a witness to testify that the deceased "had some money on the Saturday previous to the killing on Monday. . . I think I paid him between ten and fifteen dollars. . . I suppose Jesse Cook saw me pay him, he was standing right there by him," over the objection of defendant that such testimony was irrelevant.

6. The evidence was sufficient to support the verdict, and there was no abuse of discretion in refusing to grant a new trial.

　　　　　　　　　　　*Judgment affirmed. All the Justices concur.*

APRIL 15, 1910.

Indictment for murder. Before Judge Fite. Bartow superior court. January 11, 1910.

*G. H. Aubrey* and *W. C. Henson,* for plaintiff in error.

*John C. Hart, attorney-general,* and *Thomas W. Milner, solicitor-general,* by *George W. Stevens,* contra.

---

BARKSDALE *v.* HAYES *et al.,* commissioners.

Assuming a judgment against a county to be valid and not open to attack as such, yet, where the record of the suit does not show upon its face that the judgment rests upon a claim referable to any one of the purposes enumerated in the constitutional provision for which taxes may be levied by the county, and this does not otherwise appear, the writ of mandamus should not issue to compel the county commissioners to issue a warrant upon the county treasurer for its payment from funds arising from taxation, or to levy a tax in order to provide for such payment.

APRIL 16, 1910.