## CHANCEY v. THE STATE.

ATKINSON, J. 1. The defendant filed a plea in abatement, and moved to quash the indictment, on the ground that one of the jurors who participated in finding the indictment was not a resident of the county. The judge did not rule on the legal sufficiency of the plea, but heard the evidence. The issue was tried by the judge, by consent, without a jury. The evidence introduced in support of the plea was to the effect that the juror's house was partly in the county of the venue, and partly in an adjoining county, the greater part being in the latter; but the juror, while living in the house, had always claimed the county of the venue as that of his residence, and served as a juror and voted therein, and was a representative in the legislature from that county; he paid his poll-taxes there, his name was in the jury box, and he was regularly summoned as a juror. *Held*, that the judge did not err in deciding against the plea. See Civil Code, § 2182.

2. The judge did not abuse his discretion in refusing a continuance. *Williams* v. *State*, 69 *Ga.* 11 (4).

3. Upon conflicting evidence as to the competency of jurors, on an issue raised after the trial, the judge did not err in holding them competent. *Wall* v. *State*, 126 *Ga.* 549 (4), 553 (55 S. E. 484); *Elliott* v. *State*, 132 *Ga.* 758 (3), 760 (64 S. E. 1090).

4. The principles announced in *Rouse* v. *State*, 135 *Ga.* 227 (4), 228 (69 S. E. 180), are applicable to this case as presented by the evidence; and it was not erroneous, for any reason assigned, for the judge to charge: "Among other matters that you should consider, gentlemen, if there is evidence of threats or statements in the nature of threats towards the deceased, then you may consider that in so far as it illustrates the state of mind of the parties and the circumstances surrounding them at the time of the killing."

5. A conviction may be lawfully had upon a free and voluntary confession, though the same be not otherwise corroborated than by proof of the corpus delicti. *Wimberly* v. *State*, 105 *Ga.* 188 (31 S. E. 162). Accordingly, it was not erroneous to charge: "If you find there was a confession, then the law says that proof that the crime was committed by some person would be sufficient to satisfy the jury of the guilt of the defendant." See also *Williams* v. *State*, 69 *Ga.* 11 (26-27).

6. There was no evidence of voluntary manslaughter in this case, and it was not erroneous for the judge to omit a charge on that subject.

7. The charge, "If, as contended by the State, the defendant was the aggressor and provoked the difficulty, and provoked the deceased to resent his attack and insult, for the purpose of getting an excuse to slay the deceased, and under those circumstances took the life of the deceased in a spirit of revenge and with malice, the killing would be murder," was authorized by the evidence.

8. The evidence was sufficient to authorize the verdict, and there was no error in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*
NOVEMBER 15, 1913.

Indictment for murder. Before Judge Conyers. Jeff Davis superior court. June 21, 1913.

*J. C. Bennett* and *W. W. Bennett,* for plaintiff in error.

*T. S. Felder, attorney-general,* and *J. H. Thomas, solicitor-general,* contra.