## 5541. SNOW *v.* THE STATE.

1. A conviction of crime may be sustained upon a free 'and voluntary confession of guilt, corroborated by proof of the corpus delicti, though there be no other corroboration.
2. Evidence that one of the State's witnesses has made declarations under oath since the trial that his testimony at the trial was false is not cause for a new trial.
3. The evidence authorized the verdict.

DECIDED APRIL 18, 1914.

Indictment for assault with intent to murder; from Fulton superior court—Judge B. H. Hill. January 27, 1914.

*T. J. Ripley,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general,* contra.

ROAN, J.   Roy Snow and John Henry Rivers were jointly indicted for assault with intent to murder one Bob Brown by shooting him with a pistol.   On January 5, 1914, Snow was tried and was found guilty of the offense of shooting at another.   He made a motion for a new trial, on the usual general grounds and on the following additional grounds:  "4. Because, since the trial of movant and his conviction, newly discovered evidence has been found; to wit:  Brown, the witness who testified that movant shot at him twice on the night he was shot, swore, in the case of the *State* v. *Rivers* [his joint defendant] tried on January 13, 1914, that Rivers fired all five shots that night at him.   This evidence was unknown to him at the time of the trial and he could not obtain it."  "5. Because he was convicted on false swearing.   Only one witness testified that he shot at him, and at another trial he swore that another boy fired all five shots fired on the occasion of the shooting."   The court overruled the motion for a new trial, and movant brought the case to this court for review.

1.  It is contended that the verdict finding Snow guilty can not legally be upheld, for the reason that, 'if Snow made a voluntary confession of having shot at Brown twice on the occasion in question, there is no other evidence or circumstance in the record to corroborate this confession, and that a confession alone, uncorroborated by other evidence, will not authorize a conviction.   The record does disclose that some one committed the offense, either of assault with intent to murder Brown or of shooting at him unlawfully as charged in the indictment.   Thus the corpus delicti is established; and if Snow afterwards, as testified by the arresting

officer, made a free and voluntary confession that he fired at Brown twice on that occasion, then the confession is corroborated by the corpus delicti, and this corroboration is sufficient to justify a conviction. · In the case of *Wimberly* v. *State*, 105 *Ga.* 188, the court said "It is not now an open question in this State that a conviction may be. sustained upon a free and voluntary confession of guilt which has been corroborated by clear and positive proof of the corpus delicti, though there be no other corroboration. It has been too often ruled to be now gainsaid, that such proof of the corpus delicti may be considered as a circumstance sufficiently corroborating a confession." See *Holsenbake* v. *State*, 45 *Ga.* 43; *Daniel* v. *State*, 63 *Ga.* 339; *Paul* v. *State*, 65 *Ga.* 152; *Williams* v. *State*, 69 *Ga.* 14.

2. So far as the grounds relating to the false testimony of Brown are concerned, the case is controlled by the decision in *Clark* v. *State*, 117 *Ga.* 254 .(43 S. E. 853) ; reaffirmed, on review, in *Jordan* v. *State*, 124 *Ga.* 417 (52 S. E. 768). These decisions hold that evidence that one of the State's witnesses has made declarations since the trial, even though under oath, that his testimony at the trial was false is not cause for a new trial.

3. The jury had ample evidence to authorize the verdict, it was approved by an able, upright trial judge, and no legal reason is shown why his discretion should be disturbed. ·

*Judgment affirmed.*