## 20796. DAVIS *v.* THE STATE.

Mobley, Justice. Herring Davis, under an indictment charging him with the murder of George Frank Hall, Sr., by shooting him with a .22 rifle, was found guilty without a recommendation of mercy, and was sentenced to death by electrocution. His motion for new trial on the general grounds only was denied, and the bill of exceptions assigns error on this judgment. *Held:*

The evidence was ample to support the verdict of guilty. M. F. Hale and H. A. Poole, of the Georgia Bureau of Investigation, and Howard Norris, Sheriff of Meriwether County, testified that the defendant had confessed having killed Hall in order to rob him by shooting him with a .22 rifle when his back was turned; that, after shooting him, the defendant robbed him of slightly more than $8.75, which was taken from his billfold and pocket; that the confession was made freely and voluntarily by the defendant, who was offered no hope of reward and was not threatened with injury; and that, after the confession, the defendant led them to the place where he had hidden Hall's billfold and showed them his .22 rifle with which he shot Hall. In his unsworn statement to the jury, the defendant said that he did not know why he had killed Hall. "All admissions shall be scanned with care, and confession of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction." Code § 38-420. Proof of the corpus delicti is ample corroboration of a free and voluntary confession. *Westbrook* v. *State,* 91 *Ga.* 11 (16 S. E. 100); *Owen* v. *State,* 119 *Ga.* 304 (2) (46 S. E. 433); *Chancey* v. *State,* 141 *Ga.* 54 (5) (80 S. E. 287); *Swint* v. *State,* 160 *Ga.* 148 (2a) (127 S. E. 459); *Burns* v. *State,* 188 *Ga.* 22, 28 (3) (2 S. E. 2d 627); *Elvine* v. *State,* 205 *Ga.* 528 (2) (54 S. E. 2d 626). Here, the defendant's confession was corroborated by proof of the corpus delicti, established by Dr. Herman D. Jones, Director of the Crime Laboratory of the Department of Public Safety, who testified that Hall died as a result of a bullet wound of a .22 to .25 caliber, the bullet having entered the back of his head and having come out on the opposite side. The deceased's body was found on the dam at his mill with no gun or other weapon about with which he could have

accidently or intentionally inflicted the wound upon himself. There is no merit in the general grounds, and the trial court properly denied the motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 8, 1960—DECIDED MARCH 16, 1960.

*George C. Kennedy, H. Briscoe Black, Ben R. Freeman, John K. Weeks, Claude A. Bray, Jr., G. C. Thompson,* for plaintiff in error.

*Wright Lipford, Solicitor-General, W. S. Allen, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.