Pannell, Presiding Judge.
This is an appeal from a finding of delinquency in a juvenile court hearing, the delinquency consisting of a burglary of a bus station and the stealing of a number of Kennedy half dollars and a necklace, or good luck charm of the operator of the station. There was proof of the burglary, the method of break-in, and the items missing. A confession of the juvenile of 16 years was also introduced in evidence. The confession was objected to on the grounds that the proof failed to disclose that the minor, or his older sister-custodian, aged 21 years, had been advised of his rights. On appeal to this court, error is enumerated on the admission of the confession and on the grounds that the evidence was insufficient to authorize the finding of delinquency based upon his commission of the alleged burglary. Held:
1. The evidence is sufficient, if believed, to show that the officer taking the confession amply advised the juvenile and his sister-custodian what his legal rights were and particularly as to the right to be represented by counsel prior to making any statement or answering any questions, and the right to be represented by counsel at such questioning, as well as a detailed explanation of what the constitutional rights were and what was meant by a waiver thereof and that if counsel was desired and they were unable to pay, counsel would be furnished. The evidence was sufficient to show that the waiver signed by the juvenile and his sister-custodian was freely and voluntarily given prior to the time of questioning and taking the confession. The decision of the Supreme Court in In Re Gault, 387 U. S. 1 (87 SC 1428, 18 LE 2d 527), was properly complied with.
2. The corpus delicti was sufficiently proven and the confession corresponded with the proof of the corpus delicti and the method used in the burglary. "Clear and undoubted evidence of the corpus delicti will serve to corroborate a confession made by the accused.” Schaefer v. State, 93 Ga. 177 (18 SE 552), followed in Jones v. State, 130 Ga. 274, 290 (60 SE 840). See also Snow v. State, 14 Ga. App. 489 (1) (81 SE 363); Chancey v. State, 141 Ga. 54 *475 (5) (80 SE 287); Wilburn v. State, 141 Ga. 510, 513 (10) (81 SE 444); Swint v. State, 160 Ga. 148 (127 SE 459).
Submitted May 7, 1975
Decided July 16, 1975.
Johnson & Casper, Michael R. Casper, for appellant.
Greer, Sartain & Carey, Tifton S. Greer, for appellee.

Judgment affirmed.

Quillian and Clark, JJ., concur.