### 57755. SIMONTON v. THE STATE.

SHULMAN, Judge.

Defendant was convicted of burglary. On appeal, we affirm.

1. Appellant contends that the trial court erred in denying his motion for mistrial following the testimony of a co-indictee, tried separately for the same offense. Upon direct examination by the state, the co-defendant admitted committing the offense of burglary, for which crime defendant-appellant was presently standing trial. Appellant submits that such testimony unfairly prejudiced the defendant and that in the absence of corrective instructions, a mistrial should have been granted. We disagree.

As the co-indictee's admission of guilt was properly connected up with his testimony, depicting in detail the commission of the crime, it was properly admitted into evidence. *Green v. State,* 139 Ga. App. 652 (1) (229 SE2d 129).

In the absence of a demonstration that a mistrial was essential to the preservation of defendant's right to a fair trial, we refuse to find an abuse of discretion in the court's denial of his motion. See, e.g., *Barrow v. State,* 235 Ga. 635 (8) (221 SE2d 416); *Wilson v. State,* 235 Ga. 470 (3) (219 SE2d 756); *Underwood v. State,* 144 Ga. App. 684, 689 (242 SE2d 339).

2. Likewise, we find no error in the court's denial of defendant's motion for continuance.

Appellant based his motion on his contention that the name "Tony" (which is also appellant's name) was mentioned in connection with a guilty plea entered by another defendant in another case, in the presence of the

jury panel (from which the jury trying appellant's case was selected). Thus, appellant contends that as the jury may have unfairly connected him with the commission of another crime, he was denied his right to a fair and impartial jury. We disagree.

Not only has appellant failed to show in what context the name "Tony" was allegedly mentioned (e.g., victim, witness, participant) so as to enable this court to determine whether or not the jury could have been prejudiced by the mention of the name, appellant has failed to show any evidence in the record to support his contention that the name "Tony" was, in fact, mentioned in the presence of the jury (in the context of another crime). As "[t]his court cannot consider factual representations in the appellant's brief which do not appear in the record" (*Young v. State,* 144 Ga. App. 712 (1) (242 SE2d 351)), we find this enumeration of error to be without merit.

3. Appellant contends that the court erred in allowing the investigating officer to remain in the courtroom and testify after other state witnesses, after appellant had invoked the rule of sequestration. We find no such error.

Enforcement of the rule of sequestration is vested in the discretion of the trial court. *Jarrell v. State,* 234 Ga. 410 (6) (216 SE2d 258); *Pless v. State,* 142 Ga. App. 594 (4) (236 SE2d 842). "The trial judge specifically recognized and exercised his 'discretion' in this matter in permitting the investigator to remain and assist the prosecutor." *Wilson v. State,* 145 Ga. App. 315 (2) (244 SE2d 355). Appellant's contentions of error are, therefore, without merit.

4. Appellant alleges a second infraction of the rule of sequestration when witness-Gosnell was allowed to testify after allegedly overhearing the examination of a prior witness.

The court stated that Gosnell had been present in the courtroom for approximately two minutes, or only long enough to hear about three questions, prior to his being called to the stand. A review of the last questions propounded to the prior witness evinces appellee's contention that even had Gosnell heard the prior witness'

testimony (which Gosnell stated he had not heard), the court did not abuse its discretion in permitting Gosnell to testify, as Gosnell's testimony did not relate to the testimony he allegedly overheard. *Pless v. State,* supra.

5. Appellant enumerates as error the admission of a confession into evidence, claiming that his confession was not freely and voluntarily elicited, in violation of the Fifth and Sixth Amendments of the United States Constitution and corresponding provisions of the Georgia Constitution. We disagree.

A separate Jackson v. Denno (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing was held to determine the voluntariness of defendant's statement. "The evidence heard . . . was sufficient to authorize the trial court to determine that the defendant was advised of his rights, that he was not placed under any duress, that he seemed to understand his rights, that he was not under influence of drugs or alcohol and that he seemed completely aware of what was going on around him." *Walker v. State,* 146 Ga. App. 555, 556 (246 SE2d 737).

As the state made a prima facie showing of voluntariness, the court properly admitted the defendant's statement into evidence for the jury's consideration. Thereafter, the question of whether or not defendant's confession was freely and voluntarily given, without hope of benefit or fear of injury, became one of fact for determination by the jury. *Walker,* supra; *Newton v. State,* 132 Ga. App. 873 (209 SE2d 690). That evidence was presented by the defense contradicting the state's testimony does not require a reversal of the court's determination of voluntariness. See *Moore v. State,* 221 Ga. 636 (3) (146 SE2d 895); *Johnson v. State,* 233 Ga. 58 (209 SE2d 629).

6. As the question, "and was this the first time *he,* ah, *the* Defendant had ever given you a statement admitting to a crime?" allegedly propounded to the investigating officer by the prosecuting attorney, does not appear in the record, we need not consider appellant's contentions that such question improperly placed the defendant's character in issue.

7. Appellant asserts as error the failure of the trial court to charge, in the absence of a request, that a

confession alone could not support a verdict of guilty. We disagree.

We hold in accordance with *Wilson v. State,* 74 Ga. App. 42 (3) (38 SE2d 750), that as an analysis of the record shows that "(a). . .the corpus delicti was proved without contradiction by evidence aliunde the confession; (b) there was a plenary confession on the part of the defendant; and (c) there was evidence largely direct and not wholly dependent upon circumstanial evidence, sufficient to sustain the conviction of the defendant, outside of the confession," the court's failure to charge on the necessity of corroboration of a confession does not constitute reversible error. Compare *Lucas v. State,* 110 Ga. 756 (4) (36 SE 87). See also *Sheffield v. State,* 188 Ga. 1 (9) (2 SE2d 657).

8. Appellant's assertion of error on the general grounds is also without merit. One witness for the state testified at defendant's trial that he personally observed appellant with the items taken in the burglary. There was also the testimony of the co-defendant implicating defendant in the burglary, and appellant's confession of guilt, admitted into evidence for the jury's consideration.

As we find, "after viewing the evidence in the light most favorable to the prosecution [that] any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Cit.]" (Jackson v. Virginia, —— U. S. ——(99 SC 2781, 61 LE2d 560)), the trial court did not err in overruling appellant's motion for new trial.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

Submitted May 7, 1979 — Decided September 4, 1979 — Rehearing denied September 21, 1979.

Steven K. Myers, for appellant.

William Bryant Huff, District Attorney, William P. Rowe, III, Dawson Jackson, Malcolm C. McArthur, Assistant District Attorneys, for appellee.