72077. CARSWELL v. THE STATE.
(345 SE2d 66)

BIRDSONG, Presiding Judge.

Levi Carswell was convicted of child molestation and sentenced to 20 years, to serve twelve. The twelve-year-old victim was the daughter of the woman with whom Carswell lived for convenience

purposes. The victim told her mother, or the mother read in the child's diary, "Levi got me up last night." The mother took the child to the hospital where apparently no physical or medical evidence of sexual intercourse was found. In a videotaped statement made that day, the child described the instances of sexual intercourse with Carswell, all having occurred once or twice a week for five years at night when the mother was at work, and stated that she was "scared" of him. After seeing the videotaped statement of the child, the appellant that day gave a videotaped statement and a written statement confessing to the crime. The only part of the child's story he denied was that the abuse had occurred for several years; he said it occurred only in the past year.

Sometime later during the investigation, the girl recanted her accusation; and again at trial, under oath, she testified that none of the things she had told about was true or had ever happened, and that Carswell never touched her where he should not have. She said she made up the story because she resented appellant's authority over her in her home and wanted to get him out of the house, that she never thought he would have to go to jail, and that she changed her story and told the truth after a newspaper article appeared about the incident and some of her friends saw it. The defendant Carswell had no access to the child to influence her recantation, there was no evidence that she feared him, except in her original accusation of sexual contact where she answered "yes" when asked if she was scared of Carswell, and which she recanted.

At trial, appellant testified that he did not molest the child, but was merely "repeating" her tape, thinking it would help him stay out of jail. He argued that he cannot read, did not understand his rights, and did not understand the nature of the accusation. He stated that he confessed to the child's accusation that he had sexual intercourse with her because he did not want his homosexual tendencies to be discovered, that he had not felt anything for a woman in a long time (but alternately and confusingly said that he preferred to have sex with a woman if he could).

On appeal, the appellant argues that since the child's inconsistent prior statement was not made under oath and hence could not be cross-examined, it should not be admissible as substantive evidence, but is admissible only for impeachment purposes as is the case in federal law. See *California v. Green*, 399 U. S. 149 (90 SC 1930, 26 LE2d 489). He argues there was no corroboration of the victim's story, which she recanted, and there was no evidence substantiating her prior inconsistent statement and hence there were no grounds for conviction. *Held*:

We reverse this conviction, but not upon the grounds claimed by appellant.

The Georgia Supreme Court, in *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717), in a departure from earlier law, held that *"a prior inconsistent statement of a witness* who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." (Emphasis supplied.) This court, in *Brown v. State*, 175 Ga. App. 246 (333 SE2d 124) (cert. den.) applied the *Gibbons* rule to *a prior accusation of a sexual abuse which was later recanted by the victim*, thus letting in her accusation for the jury to determine which statement of the victim was true.

This conviction is reversed because there is no corroboration of the appellant's confession (and this was a confession; see *Johnson v. State*, 242 Ga. 822, 825 (251 SE2d 563)) by proof of the corpus delicti without contradiction (OCGA § 24-3-53; *Grimes v. State*, 204 Ga. 854, 859 (51 SE2d 797); *Simonton v. State*, 151 Ga. App. 431, 434 (260 SE2d 487)), and the jury was not charged it could not convict upon the confession without corroboration. There was no evidence of sexual abuse except the girl's early accusation, recanted before trial and at trial.

We are adjured by statute in this state that "[a]ll admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction." This is the first commandment; it does not leave room to say that if a defendant confesses he must have done it. A confession constitutes a high degree of evidence and is entitled to great weight (*Raleigh & Gaston R. Co. v. Allen*, 106 Ga. 572 (32 SE 622)), but it must be corroborated first.

A confession where there is not even corroborating evidence of a crime constitutes the worst case. The defendant's confession cannot establish the corpus delicti; there must be aliunde proof. *McVeigh v. State*, 205 Ga. 326 (53 SE2d 462). *Bines v. State*, 118 Ga. 320, 323 (45 SE 376). At the very least, there is a requirement of "proof that the crime was committed by some person," *Chancey v. State*, 141 Ga. 54 (5) (80 SE 287); *McVeigh*, supra; *Bines*, supra. Early decisions required "clear and positive proof of the corpus delicti," *Wimberly v. State*, 105 Ga. 188, 189 (31 SE 162); and see *Logue v. State*, 198 Ga. 672 (32 SE2d 397). Today the rule seems to be that the corpus delicti must be proved independent of the confession beyond a reasonable doubt. *Grimes v. State*, supra. See esp. *Wimberly*, supra, p. 190; compare *Logue*, supra.

All we have besides Carswell's confession in this case of proof that there was ever a crime was the girl's early accusation which she has since recanted, *withdrawn* if you will, both before trial and under oath at trial. Obviously, as we have held many times, the quantum of corroboration necessary to prove guilt beyond a reasonable doubt is a

jury question, but usually in these cases there is some corroboration, and it is simply a question of how much is enough. *Bines,* supra, p. 324; see *Patrick v. State,* 252 Ga. 509 (314 SE2d 909); *Jones v. State,* 174 Ga. App. 783, 785 (331 SE2d 633); *Mitchell v. State,* 174 Ga. App. 594, 597 (330 SE2d 798). In this case, the question is whether there was even any crime.

If we grant that the jury could consider both the victim's accusation and her recantation under oath, as substantive evidence of equal probative value (see *Brown,* supra), still the jury was not told in this case that it could not receive Carswell's confession as proof of guilt unless it chose to disbelieve the recantation and believe the prior accusation.

The Supreme Court in 1898 noted in *Wimberly,* supra, that the trial court charged the jury that if it found there was a confession, and "that it has been corroborated by other facts and circumstances satisfactory to your mind beyond a reasonable doubt, it is your duty to convict the defendant." The court held the charge did not lead the jury to believe it had to convict upon corroborating proof of a corpus delicti, but, moreover, took that occasion "to urge upon our brethren of the trial courts *the necessity of charging on this subject, in such clear and explicit language that juries can not fail to understand, that a conviction upon a confession will not be warranted unless the corroboration, whatever it may be, is in their judgment sufficient to convince them beyond a reasonable doubt of the guilt of the accused.*" (Emphasis supplied.)

It is easily conceivable that the jury inclined to disbelieve the girl's accusation in light of her recantation under oath, but with appellant's confession sparkling brightly at their feet, yielded softly to the human impulse which says: a confession is the best proof; he confessed; therefore, he did it. There is of course the strictest legal proscription against such an inference, *but the jury did not know it.*

In *Lucas v. State,* 110 Ga. 756, 758-759 (36 SE 87), the court reversed the conviction because there was an entire failure to inform the jury that an uncorroborated confession was not of itself sufficient in law to warrant a conviction. The court said: "We think it was the imperative duty of the judge to give this rule of law in charge to the jury . . . though no request to do so was presented. He undertook to instruct the jury on the law relating to confessions, and the failure to mention this particular rule may, and probably did, leave the jury under the impression that they could lawfully render a verdict of guilty upon the confession alone. The evidence relied on by the State as corroborative of this alleged confession was by no means strong, and it is impossible for us to know that the jury did not disregard this evidence altogether and base their verdict exclusively upon the testimony relating to the confession. The case, at best, is close and doubt-

ful, and it is by no means clear that the evidence warranted a conviction. It was, therefore, essential to the fairness of the trial that the jury should have distinctly understood that they could not lawfully convict upon the confession alone, and that it was incumbent upon them to pass on and determine the all-important question whether or not the confession, if proved to their satisfaction, was corroborated by other evidence which, in connection with the confession itself, was sufficiently strong and convincing to satisfy their minds beyond a reasonable doubt of the guilt of the accused. . . . It is not at all improbable that the jury were thus led to believe that, if fully satisfied that the alleged confession was in fact made, they would be authorized to base a conviction thereon, if they saw fit to attach that much weight to the same. If, indeed, they acted under this impression, it is obvious that their finding should not be permitted to stand; and as we have no means of determining by what particular process of reasoning they arrived at their verdict, it seems clear that the ends of justice demand that the accused should be granted a new trial."

We have no doubt the failure to correctly charge the jury in this case was harmful error. Where we have held such failure to charge to be not reversible error, it has been where "the corpus delicti was proved *without contradiction.*" (Emphasis supplied.) *Simonton,* supra.

OCGA § 5-5-24 (c) authorizes us to consider this error notwithstanding the fact that it was not raised below, because it is a "substantial error in the charge which was harmful as a matter of law." The error was "clearly harmful and erroneous as a matter of law in that it [failed] to provide the jury with the proper guidelines for determining guilt or innocence. [Cit.]" *Johnson v. State,* 253 Ga. 37, 38 (315 SE2d 871).

The failure to charge the jury that it could not receive defendant's confession unless it was corroborated by proof of the corpus delicti was particularly in this case "a gross injustice, such as to raise a question as to whether the appellant has been deprived of a fair trial," (*Hamrick v. Wood,* 175 Ga. App. 67, 68 (332 SE2d 367)), because the jury might well have disbelieved the girl's prior accusation in light of her recantation under oath had not Carswell's confession lain before them undimmed by any such trifling consideration as corroboration.

*Judgment reversed. Banke, C. J., and Sognier, J., concur.*

## On Motion for Rehearing.

The State earnestly urges that we insulted *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717) by holding this child's recanted accusation could not corroborate this defendant's confession. But in fact, we held

that, granting the recanted accusation can be probative evidence of corroboration under *Gibbons*, the jury nevertheless was not told it must find defendant's confession was corroborated, i.e., that her original accusation was true beyond a reasonable doubt, before it could find guilt based on the confession. The weight to be given her recanted accusation is purely a jury question; it is not for us to find her accusation was true and hence to conclude that the corpus delicti was uncontradictedly established and that the failure to charge the jury on the necessity of corroboration was harmless. The error allowed the jury to think it could convict upon defendant's confession alone and caused "substantial error . . . which was harmful as a matter of law." OCGA § 5-5-24 (c). The opinion is clear enough.

*Motion for rehearing denied.*

DECIDED APRIL 17, 1986 —
REHEARING DENIED MAY 9, 1986 — 

*Christina L. Hunt,* for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Jennie E. Rogers, Virgil L. Adams, Assistant District Attorneys,* for appellee.