## 75878. KIRBY v. THE STATE.
### (369 SE2d 274)

BENHAM, Judge.

Appellant was convicted under separate indictments of rape and incest. The victim of both offenses was his then 14-year-old adoptive daughter.

1. In his first enumeration of error, appellant challenges the sufficiency of the evidence. We find no merit in that claim.

The State's primary evidence was testimony of statements made by the victim and by appellant. At trial, appellant recanted his statement and the victim denied remembering some of her statements and denied making others. Her prior statements, inconsistent with her trial testimony that she did not remember making some of them and that she did not make others, were admissible as substantive evidence. *Brown v. State*, 175 Ga. App. 246 (1) (333 SE2d 124) (1985). Those statements established the occurrence of multiple instances of rape and incest. There was some corroboration of the victim's statement in the testimony of a physician who examined her. A GBI agent testified to a statement by appellant in which he admitted having had intercourse with the victim on several occasions. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of rape and incest. OCGA §§ 16-6-1 & 16-6-22; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brown v. State*, supra; *Phillips v. State*, 172 Ga. App. 864 (1) (324 SE2d 807) (1984).

Appellant's reliance on *Carswell v. State*, 179 Ga. App. 56 (345 SE2d 66) (1986), is unfounded. The conviction in that case was not reversed for an insufficiency of the evidence, but because the trial court did not charge the jury that a confession is not sufficient proof of guilt to authorize a conviction without corroboration. *Carswell*, therefore, has no application here.

2. In his second enumeration of error, appellant contends that the offenses merged, making it improper to convict him of both. Citing *Green v. State*, 170 Ga. App. 594 (2) (317 SE2d 609) (1984), appellant argues that since incest requires proof of relationship, an element not required for proving rape, rape is an included offense in incest; and that since rape requires proof of force, an element not required for proving incest, incest is included in rape. Therefore, appellant concludes, the offenses merge as a matter of law. Appellant is correct that each offense has at least one element not necessary to prove the other, but his interpretation of *Green* and, therefore, his conclusion are mistaken. The conclusion to be drawn from the fact that neither can be proved by only the same facts proving the other is that *neither* is included in the other as a matter of law.

Appellant's contention that the offenses are merged as a matter of fact because they arose from the same act is controlled adversely to him by *McCollum v. State*, 177 Ga. App. 40 (1) (338 SE2d 460) (1985), and *Copeland v. State*, 160 Ga. App. 786 (11) (287 SE2d 120) (1982). Here, as there, the evidence authorized the jury to find that more than one instance of sexual intercourse occurred, permitting conviction for each offense based on separate occasions.

3. Finally, relying again on *Carswell*, supra, appellant enumerates as error the trial court's charge on the necessity of corroboration

of appellant's statement. *Carswell,* however, has nothing to do with this issue: the trial court there wholly omitted the charge on the need for corroboration; the trial court here did charge on the subject.

Appellant complains specifically about the trial court's instruction that proof beyond a reasonable doubt may, but does not necessarily, constitute corroboration. Appellant, however, does not show how that is an incorrect statement of the law or how it may have harmed him. In light of the trial court's charge that a conviction could not be had on appellant's statement without corroboration, the charge could only have been helpful to appellant.

The second complaint is that the trial court's use of the phrase "other evidence" in its instruction regarding corroboration implied to the jury that there was other evidence when, in fact, there was not. In light of our holding in the first division of this opinion, that argument is without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 11, 1988 —
REHEARING DENIED MAY 9, 1988.

*Ronald L. Enloe, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, James D. Franklin, Assistant District Attorney,* for appellee.